UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ALBERTO SAFRA FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No. 21-MC-00640-GHW<br><br>Judge Gregory H. Woods |

**MEMORANDUM OF LAW**
**IN SUPPORT OF VICKY SAFRA'S MOTION TO INTERVENE**

Steven L. Holley
Matthew J. Porpora
Michael P. Devlin
Karl L. Bock
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
holleys@sullcrom.com
porporam@sullcrom.com
devlinm@sullcrom.com
bockk@sullcrom.com

*Attorneys for Vicky Safra*

August 31, 2021

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................................1

I. AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE, MS. SAFRA MAY INTERVENE AS A MATTER OF RIGHT. ................................................................1

    A. Ms. Safra's Motion Is Timely. ...................................................................................2

    B. Ms. Safra, as Executor and Administrator of the Estate, Has a Direct Interest in This Proceeding. ........................................................................................3

    C. As Executor and Administrator of the Estate, Ms. Safra's Interests Will Be Impaired Absent Intervention. .....................................................................................4

    D. As Executor and Administrator of the Estate, Ms. Safra's Interests Are Not Adequately Represented By the Parties to the Action. .....................................4

II. ALTERNATIVELY, MS. SAFRA, AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE, SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B). ................................................................................5

CONCLUSION ...................................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Building & Realty Institute of Westchester & Putnam Counties, Inc.* v. *New York*,
   2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020)..............................................................................5

*In re Grupo Unidos Por El Canal S.A.*,
   2015 WL 1815251 (N.D. Cal. 2015) ..........................................................................................5

*In re Gushlak*,
   2011 WL 3651268 (E.D.N.Y. 2011)...........................................................................................6

*Hnot* v. *Willis Group Holdings, Ltd.*,
   234 F. App'x 13 (2d Cir. 2007) ..................................................................................................2

*In re Hornbeam Corp.*,
   2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015).......................................................................1, 3

*In re Lake Holding & Finance S.A.*,
   2021 WL 930479 (S.D.N.Y. Mar. 10, 2021) .....................................................................3, 4, 5

*Matthews* v. *Eldridge*,
   424 U.S. 319 (1976)....................................................................................................................4

*In re Sarrio, S.A.*,
   119 F.3d 143 (2d Cir. 1997)........................................................................................................3

*Trbovich* v. *United Mine Workers of America*,
   404 U.S. 528 (1972)....................................................................................................................4

*United States* v. *City of New York*,
   198 F.3d 360 (2d Cir. 1999)........................................................................................................2

**Statute**

28 U.S.C. § 1782................................................................................................................1, 3, 5

**Other Authority**

Federal Rule of Civil Procedure 24 ................................................................................... 2, 5

Vicky Safra, as executor and administrator of the Estate of Joseph Yacoub Safra (the "Estate") (ECF Nos. 6-2 and 6-3), by and through her counsel, respectfully submits this Memorandum of Law in support of her Motion to Intervene in the above-captioned action in order to submit certain objections to her son Alberto Safra's pending Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (ECF No. 1) (the "Petition").

## PRELIMINARY STATEMENT

Joseph Safra was the patriarch of a prominent banking family until he passed away in December 2020 at the age of 82. Although Mr. Safra made extraordinarily generous gifts to Petitioner Alberto Safra and his three siblings during the course of Mr. Safra's life, Petitioner asserts that three wills executed by his father in 2019 "cut [him] off from his rightful inheritance." (Pet. at 2.) Petitioner purportedly plans to file legal proceedings in Switzerland to challenge those wills. He initiated this action to compel his father's doctors in New York to produce medical records and testify about Mr. Safra's health during the last years of his life. Ms. Safra now seeks to intervene in this action, both to ensure that Petitioner respects the confidentiality of his father's private medical records, and to protect her interests, as executor and administrator of the Estate, as a party to the contemplated Swiss proceeding.

## ARGUMENT

**I.  AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE, MS. SAFRA MAY INTERVENE AS A MATTER OF RIGHT.**

It is well established that Ms. Safra, as executor and administrator of the Estate, a party against whom the requested discovery will be used, has a right under Section 1782 to challenge issuance of the requested subpoenas, irrespective of whether it formally moves to intervene to do so. *In re Hornbeam Corp.*, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015),

*aff'd* 722 F. App'x 7 (2d Cir. 2018). While it is thus unnecessary for the Court to reach the question of whether Ms. Safra, as executor and administrator of the Estate, can intervene in this action, she clearly can as a matter of right pursuant to Federal Rule of Civil Procedure 24. Rule 24(a) provides that any party who "claims an interest relating to the . . . transaction that is the subject of the action" and for which "disposing of the action may . . . impair or impede [its] ability to protect its interest" must be permitted to intervene. Ms. Safra can easily establish her entitlement to intervention as of right, which requires that an "applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *United States* v. *City of New York*, 198 F.3d 360, 364 (2d Cir. 1999).

### A. Ms. Safra's Motion Is Timely.

In determining whether a motion to intervene is timely, courts consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Hnot* v. *Willis Group Holdings, Ltd.*, 234 F. App'x 13, 14 (2d Cir. 2007).

Here, there is no question that Ms. Safra's motion is timely. Petitioner filed his application in this Court on August 5, 2021, less than a month ago. (ECF No. 1.) On August 6, 2021, the Court issued an order requiring any opposition to the Petition to be filed by August 27, 2021 (ECF No. 8), and, on August 24, the parties jointly requested that the Court extend that deadline to September 24 (ECF No. 11). The Court granted the parties' joint request on August 24. (ECF No. 12). Ms. Safra is seeking to intervene now, just a week after the Court endorsed the parties' proposed extended schedule, and intends to file her objections to the Petition by the Court-ordered September 24 deadline. The motion is therefore timely. Moreover, putting aside

Ms. Safra's readiness to comply with all Court-ordered deadlines, the question of potential delay is not pressing because Petitioner has not yet initiated the contemplated Swiss proceeding and has not said when he plans to do so.

### B. Ms. Safra, as Executor and Administrator of the Estate, Has a Direct Interest in This Proceeding.

Ms. Safra, as executor and administrator of the Estate, has a direct interest in this proceeding. Petitioner seeks to obtain sensitive medical information about Mr. Safra, including deposition testimony from the physicians who cared for him. For starters, Ms. Safra, as executor and administrator of the Estate, has a strong interest in protecting the confidentiality of this information. *See In re Lake Holding & Finance S.A.*, 2021 WL 930479, at *2 (S.D.N.Y. Mar. 10, 2021) (holding that "each movant has a direct interest in this proceeding as the subpoenas seek confidential and proprietary information concerning each movant").

Ms. Safra also has an interest because, as executor and administrator of the Estate, she will be a party in the contemplated Swiss proceeding. According to Petitioner, he brought this action to obtain evidence that he intends to use to challenge his father's wills in Switzerland. It is well established that "a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of . . . § 1782." *In re Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997); *see also Hornbeam*, 2015 WL 13647606, at *2 (party had standing to object where it was "among the parties against whom [petitioner] intended to initiate proceedings in the BVI"). "[S]tanding to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness . . . . [P]arties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders [obtained pursuant to § 1782] directed to third parties." *Sarrio*, 119 F.3d at 148.

-3-

    **C.    As Executor and Administrator of the Estate, Ms. Safra's Interests Will Be Impaired Absent Intervention.**

As executor and administrator of the Estate, Ms. Safra's interests in protecting confidential information and defending against the contemplated foreign proceeding will be impaired if she is not permitted to intervene here. *See In re Lake Holding & Finance S.A.*, 2021 WL 930479, at *2 (a movant's "direct interest" in the proceeding "may be impaired by the disposition of the petition," entitling the movant to due process). Constitutional due process generally requires notice and "the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews* v. *Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). Ms. Safra should be given the opportunity to be heard here, where Petitioner seeks to obtain sensitive information concerning Mr. Safra's health.

    **D.    As Executor and Administrator of the Estate, Ms. Safra's Interests Are Not Adequately Represented By the Parties to the Action.**

As executor and administrator of the Estate, Ms. Safra's interests will not be adequately represented by any existing party to the action. "Th[is] requirement of the Rule is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich* v. *United Mine Workers of America*, 404 U.S. 528, n.5 (1972). There is no existing party here to represent Ms. Safra's interests as executor and administrator of the Estate. The Respondents are third-party subpoena recipients who are not under the control of the Estate and who do not share identical interests. *See Lake Holding*, 2021 WL 930479, at *4 ("The subpoenas proposed by the petitioner are directed to third parties, not under the control of any of the Rempel parties. Absent intervention, their interests would not be protected."). Indeed, the two hospitals and four doctors named as Respondents have no interest in defending the validity of Mr. Safra's wills before a Swiss court.

Unless Ms. Safra is permitted to intervene, her interests as executor and administrator of the Estate will not be represented.

## II. ALTERNATIVELY, MS. SAFRA, AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE, SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B).

For the same reasons discussed above, Ms. Safra, as administrator and executor of the Estate, should be permitted to intervene under Rule 24(b), even if the Court concludes that she is not entitled to intervene as of right under Rule 24(a). Under Rule 24(b), the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." In considering a motion under Rule 24(b), courts consider the same factors as under Rule 24(a). *Building & Realty Institute of Westchester & Putnam Counties, Inc.* v. *State of New York*, 2020 WL 5658703, at *5 (S.D.N.Y. Sept. 23, 2020). Courts also must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Numerous courts have granted motions to intervene by parties to foreign proceedings under this standard. *See In re Grupo Unidos Por El Canal S.A.*, 2015 WL 1815251, at *6 (N.D. Cal. 2015) (granting motion where applicant had "not credibly identified any prejudice or undue delay it will suffer as a result of . . . intervention"); *Lake Holding*, 2021 WL 930479, at *2.

As administrator and executor of the Estate, Ms. Safra satisfies the test for permissive intervention under Rule 24(b). As discussed above, the Rule 24(a) factors warrant intervention, and those same factors apply here. Moreover, intervention would not result in any undue delay or prejudice to Petitioner, as he has yet to initiate his contemplated will contest proceeding in Switzerland.

Finally, discovery under Section 1782 must "be produced 'in accordance with the Federal Rules of Civil Procedure,'" including those "govern[ing] third-party discovery." *In re Gushlak*, 2011 WL 3651268, at *6 (E.D.N.Y. 2011), *aff'd sub nom. Gushlak* v. *Gushlak*, 486 F. App'x 215 (2d Cir. 2012).  These rules generally require notice and an opportunity to respond.  Rule 45, for example, requires notice before service of subpoenas to permit a motion to quash or filing for a protective order.  Consistent with these rules, Ms. Safra should be allowed to intervene here so that she, as administrator and executor of the Estate, has an opportunity to be heard on the questions of what discovery Petitioner is able to obtain from Respondents and under what confidentiality restrictions.

## CONCLUSION

For the forgoing reasons, Ms. Safra, as executor and administrator of the Estate, respectfully requests that this Court grant her motion to intervene.

Dated:  August 31, 2021

Respectfully submitted,

*/s/ Steven L. Holley*
Steven L. Holley
Matthew J. Porpora
Michael P. Devlin
Karl L. Bock
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel:  (212) 558-4000
holleys@sullcrom.com
porporam@sullcrom.com
devlinm@sullcrom.com
bockk@sullcrom.com

*Attorneys for Vicky Safra*