quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
michaelcarlinsky@quinnemanuel.com

May 25, 2022

**VIA ECF**

The Honorable James L. Cott,
United States District Court for the Southern District of New York,
Daniel Patrick Moynihan United States Courthouse,
500 Pearl Street, New York, NY 10007

Re:   *In re Application of Alberto Safra for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782*, Case No. 21-MC-00640-GHW-JLC

Dear Judge Cott:

I write on behalf of Petitioner Alberto Safra to respectfully request that the Court deny intervenor Vicky Safra's ("Ms. Safra") untimely and improper Motion for Leave to File a Sur-Reply (Dkt. 59).  Contrary to Ms. Safra's assertions, nothing in her Sur-Reply addresses an argument that Petitioner raised "for the first time" in his Reply Memorandum of Law in Support of Petitioner's Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Dkt. No. 54) and accompanying declarations (Dkt. Nos. 55-57).

Here, in addition to being contrary to the "regular practice that courts follow," May 25, 2022 Order, Dkt. 61 (citing *Kapiti v. Kelly*, No. 07 Civ. 3782(RMB) (KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), the Court should deny Ms. Safra's request to file a Sur-Reply for at least four reasons.

*First*, Ms. Safra's request is untimely in several respects.  Ms. Safra waited more than two weeks after Petitioner filed his Reply Memorandum of Law to seek leave to file a sur-reply.  Not only has Ms. Safra dragged her feet in moving for leave to file a sur-reply, Ms. Safra advances arguments in her sur-reply that include new facts that she could have confirmed with the Respondents at the time she filed her Opposition brief.  Specifically, Ms. Safra could have asked the Respondents whether they would voluntarily agree to testify in Switzerland **before** she filed her Opposition.  *See* Dkt. 51 at 8 ("there is no reason to *assume* that the four doctors would refuse

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

to provide testimony in a Swiss proceeding") (emphasis added).  But she instead sat on her hands and waited to see what arguments Petitioner would make in his Reply before attempting to remedy the deficiencies in her arguments.  Ms. Safra's attempt to improperly supplement the record through a sur-reply should not be rewarded.  *See, e.g.*, *Pierce v. United States*, 16-CV-7669 (WHP) (JLC), 2018 WL 4179055, at *11 n.10 (S.D.N.Y. Aug. 31, 2018) ("The arguments raised in the sur-reply are untimely and therefore barred from consideration.").

*Second*, even if this Court were to ignore the untimeliness of Ms. Safra's request, Ms. Safra's proposal of Respondents' remote participation is not only legally unenforceable but also practically unworkable under Swiss law.  That is because a Swiss court does not have jurisdiction to compel the Respondents to testify in the Swiss Proceeding, and its jurisdiction cannot be extended as Ms. Safra proposes. *See* Dkt. 54 at 3-4; Dkt. 56 at ¶40. Likewise, if the Respondents were not to show up in the end, the Swiss court could not force them to do so. *See id.* Moreover, the declaration of Professor Jeandin unequivocally explains that videoconference testimony and remote participation of third-party witnesses is not allowed in Switzerland.  Dkt. 56, ¶40 (explaining further that only *the parties*, and not witnesses, to a proceeding may consent to videoconference participation); Dkt. 56-2 at ¶3.6.

*Third*, and despite there being no obligation under Section 1782 to show that the evidence is admissible in the foreign proceeding, *In re Aso*, 2019 WL 2345443, at *6 (S.D.N.Y. June 3, 2019), Ms. Safra disingenuously argues that Petitioner has conceded that deposition evidence will not be admissible in Switzerland.  This is simply untrue as even a cursory reading of Petitioner's papers shows that he has affirmatively argued that deposition evidence obtained here will be admitted in the Swiss Proceedings.  *See* Dkt. 54 at 6 ("Petitioner can use the deposition testimony obtained under § 1782 in the Swiss Proceeding"); Dkt. 56 at ¶¶27-44 (explaining that deposition transcripts can be admitted in Switzerland as physical records).  Moreover, Petitioner's arguments regarding the admissibility of deposition evidence in Switzerland were made in response to Ms. Safra's argument that deposition evidence obtained under § 1782 is inadmissible in Switzerland, not the other way around.  *See, e.g.*, *DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009), *aff'd*, 348 F. App'x 697 (2d Cir. 2009) (denying reconsideration of denial of motion for leave to file sur-reply where the reply brief did not raise any matter "for the first time"); *Mohsen v. Morgan Stanley & Co.*, No. 11 Civ. 6751(PGG), 2013 WL 5312525, at *3 n.2 (S.D.N.Y. Sept. 23, 2013) (denying motion for leave to file sur-reply where reply brief addressed new material issues raised in the opposition papers).

*Fourth*, Ms. Safra's secondary argument about the London Court of International Arbitration (the "London Arbitration") is factually inaccurate.  As an initial matter, the London Arbitration postdates Petitioner's rely brief, was not mentioned in that brief, and thus cannot constitute something raised "for the first time."  Accordingly, it cannot be used as a basis for sur-reply.  Further, Ms. Safra overstates the similarities between the Swiss Proceeding and the London Arbitration, as the latter relates to claims that, unlike the Swiss Proceeding, do **not** seek to nullify Mr. Joseph Safra's wills.  In any event, Petitioner, in his Application and briefing, has consistently maintained that the § 1782 evidence is for use in the Swiss Proceeding, (*see, e.g.*, Dkt. 2 at 3, 24-26; Dkt. 54 at 1), which indisputably qualifies as a foreign proceeding under § 1782.

2

For these reasons, Petitioner respectfully requests that the Court deny Ms. Safra's motion for leave to file a sur-reply and grant Petitioner's 1782 Application.

Very truly yours,

Michael B. Carlinsky

QUINN EMANUEL URQUHART
& SULLIVAN LLP
51 Madison Ave.
22nd Floor
New York, New York 10010
Tel: (212) 849 7000
*Attorney for Petitioner*

Cc: All Counsel of Record (via ECF)