USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE APPLICATION OF ALBERTO SAFRA FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

Civil Action No. 21-mc-00640-GHW-JLC

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

JAMES L. COTT, United States Magistrate Judge:

WHEREAS, all the parties to this action, including intervenor Vicky Safra (collectively the "Parties" and individually a "Party"), request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of sensitive medical information that they may need to disclose in connection with this proceeding or the Swiss Action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order,

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this proceeding (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order and within the jurisdiction of this Court — will adhere to the following terms, upon pain of contempt:

1. **Definitions**. As used in this Order, these terms have the following meanings:

(a) "Attorney" means an attorney who has appeared in this action and/or who represents a Party in connection with this action or the Swiss Action;

(b) "Confidential Information" means documents, deposition testimony, information, or other material that is protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations ("HIPAA") or contains or refers to (i) any information of a personal or intimate nature regarding any individual, including but not limited to medical information not protected under HIPAA; or (ii) any financial information or material not previously made available to the public;

(c) "Designating Party" means the Party who designates information as "Confidential";

(d) "Discovery Material" means information of any kind produced or disclosed in the course of discovery in this proceeding, including by deposition;

(e) "Document" refers to any information or material within the scope of Fed. R. Civ. P. 34 that is disclosed or produced in discovery in connection with this matter, including at a deposition;

(f) "Swiss Action" refers to the legal action in Switzerland initiated by Alberto Safra ("Petitioner") against Vicky Safra ("Ms. Safra"), individually and in her capacity as executrix of the estate of Mr. Joseph Yacoub Safra, Jacob Safra, David Safra, and Esther Safra relating to the estate of Mr. Joseph Yacoub Safra, filed on May 3, 2022, currently pending before the Juge de la Commune de Crans-Montana, including any claims or counterclaims

asserted in that action by any party, and including any subsequent proceedings or appeal(s) connected thereto;

(g) "Producing Party" shall have the meaning set forth in Paragraph 4 of this Protective Order;

(h) "Respondents" means collectively Dr. Susan Bressman, Dr. Eli L Diamond, Dr. Valentin Fuster, Dr. Viviane Tabar, Mount Sinai Health System, and Memorial Sloane Kettering Cancer Center.

2. With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

3. A Designating Party may designate documents, deposition testimony, or the information as "Confidential" if the material contains Confidential Information.

4. With respect to the portion of any Discovery Material, other than deposition transcripts and exhibits, containing Confidential Information, the Party or person producing or disclosing Discovery Material ("Producing Party") or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines

of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any Document — including, for the avoidance of doubt, any transcript of deposition testimony — or other evidence.  Furthermore, nothing contained in this Order will be construed in any way as a limitation on any Party's right to object in the Swiss Action to the admissibility or evidentiary weight of any Document — including, for the avoidance of doubt, any transcript of deposition testimony — or other evidence in the Swiss Action.

8. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Court and its staff in this action;

(b) the courts or tribunals overseeing the Swiss Action and their staff;

(c) the parties to the Swiss Action;

(d) counsel for the parties to this proceeding or the Swiss Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any person called to testify in the Swiss Action, during the provision of such person's testimony in the Swiss Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person retained by any court or tribunal overseeing the Swiss Action to serve as an expert in the Swiss Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) any person retained by counsel for a Party to provide specialized advice to such counsel in connection with this proceeding or the Swiss Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

   (j)  stenographers engaged to transcribe depositions the Parties conduct in this action.

   9.  Any Party intending to use information designated as Confidential under this Order in connection with the Swiss Action must take reasonable steps as permitted by Swiss law to request that any parties to the Swiss Action and any court overseeing the Swiss Action protect the Confidential Information from public disclosure. The Party intending to use information designated as Confidential agrees not to dispute the confidentiality of the information, except as otherwise provided for in this Order. If the Designating Party has a reasonable belief that the information is at risk of public disclosure, it is entitled to seek relief from this Court.

   10.  The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. In filing Discovery Material containing Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

   11.  Any Party who objects to any designation of confidentiality may at anytime before commencement of the main phase of the Swiss Action (within the meaning of Art. 228 of the Swiss Civil Procedure Code) serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement within

five (5) business days, counsel for all affected Parties will address their dispute to this Court. The objecting party shall bear the initial burden of establishing that Discovery Material has been improperly designated as Confidential.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the main phase of the Swiss Action (within the meaning of Art. 228 of the Swiss Civil Procedure Code) serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement within five (5) business days, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

13. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of the Swiss Action, and not for any other purpose or in connection with any other proceeding, including, for the avoidance of doubt, the London Court of International Arbitration proceeding initiated by Petitioner on May 10, 2022, or any other current or contemplated arbitral proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. All Parties acknowledge and agree that they will not seek to modify this Order to permit the use of any PHI produced in this proceeding in any proceeding other than this proceeding or the Swiss Action. Subject to the preceding sentence, nothing contained in this Order will preclude: (a) any Party from seeking to modify this Order to permit use of Discovery Material (except for PHI) in any legal action — as opposed to an arbitral proceeding, in which Discovery Material may not be used — outside of the Swiss Action; or (b) any Party from opposing any such request for modification.

14. Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a court order, or if required to produce by law or by any United States government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least fourteen (14) days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with any United States government agency subpoena or court order, if the Designating Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. Within ten (10) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

20. The Designating Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

21. Within sixty (60) days of the final disposition the Swiss Action, all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.

22. This Order will survive the termination of this proceeding and the Swiss Action, and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated: October 12, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

Dated: October 12, 2022

By: */s/ Michael Carlinsky*
Michael Carlinsky
Kevin Reed
Lucas V.M. Bento
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, Floor 22
New York, NY 10010

Gavin S. Frisch (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199

*Attorneys for Petitioner Alberto Joseph Safra*

By: */s/ Joseph A. Matteo*
Joseph A. Matteo
BARNES & THORNBURG LLP
390 Madison Avenue, 12th Floor
New York, New York 10017
Tel. (646) 746-2000
Joseph.Matteo@btlaw.com

*Attorneys for Memorial Sloan Kettering Cancer Center, Dr. Eli L. Diamond and Dr. Viviane Tabar*

*/s/ Erica Liu*
Erica Liu
THE OFFICE OF THE GENERAL COUNSEL
MOUNT SINAI HEALTH SYSTEM
150 East 42nd Street, Suite B-2.17
New York, New York 10017
Tel. (212) 659-8105
Erica.Liu@mountsinai.org

*Attorneys for Mount Sinai Health System, Dr. Susan Bressman and Dr. Valentine Fuster*

*/s/ Matthew J. Porpora*
Sharon L. Nelles
Matthew J. Porpora
Michael P. Devlin
Karl L. Bock
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
nelless@sullcrom.com
porporam@sullcrom.com
devlinm@sullcrom.com
bockk@sullcrom.com

*Attorneys for Intervenor Vicky Safra*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ALBERTO SAFRA FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 21-mc-00640-GHW-JLC <br> **NON-DISCLOSURE AGREEMENT** |

I,_____ acknowledge that I have read, understand and will comply with the Protective Order in this action governing the use and non-disclosure of those portions of Discovery Material that have been designated as Confidential/Attorneys' Eyes Only. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

_____

11