quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7156**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

March 14, 2023

**VIA ECF**

Hon. James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

Re:  *In re Application of Alberto Safra,* 1:21-mc-00640-GHW-JLC

Dear Judge Cott:

     We write on behalf of Petitioner Alberto Safra in the above-referenced proceeding to request a pre-motion conference pursuant to Your Honor's Individual Practices Section II. B. and Rule 37.2 of the Local Rules for the Southern District of New York concerning a discovery dispute between the parties.  As detailed below, Petitioner seeks the Court's assistance in compelling Respondents Memorial Sloan Kettering and Mount Sinai Health to produce Dr. Susan Bressman, Dr. Eli L. Diamond, Dr. Valentin Fuster, and Dr. Viviane Tabar for Court-ordered Section 1782 depositions between March 27, 2023 and April 7, 2023.  Respondents have refused to produce the doctors for the Section 1782 depositions without assurances that the doctors will not be called for a second deposition in a related New York State litigation Petitioner recently filed against Intervenor Vicky Safra and others.  Petitioner is willing to agree to that condition (with certain protections) but Intervenor is not.  Petitioner has conferred in good faith with Respondents and Intervenor in an effort to resolve this dispute, but such efforts have been unsuccessful.

     **Background.**  On August 22, 2022, this Court granted Petitioner's application for an order to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782, permitting Petitioner to serve subpoenas on Respondents for medical records and deposition testimony to be used in Swiss testamentary proceedings (the "Swiss Proceedings") contesting three wills executed by the late Joseph Yacoub Safra (Dkt. 63).  Immediately thereafter, on August 23, 2022, Petitioner served the requested subpoenas on Respondents.

     On October 12, 2022, the parties entered into a stipulated confidentiality agreement and protective order, which was so ordered by Your Honor (the "Protective Order," Dkt. 66).  At the insistence of Intervenor Vicky Safra, the Protective Order prohibits the use of discovery produced through this proceeding in any proceeding other than the Swiss Proceedings.  *See* Protective Order ¶ 13.  Between October, 2022 and December, 2022, Respondents produced documents responsive to Petitioner's subpoenas.

Petitioner has been attempting to schedule the depositions of Drs. Bressman, Diamond, Fuster, and Tabar since early February of this year. Initially, Petitioner sought to schedule the depositions in mid-March, but at the request of counsel for Intervenor, Petitioner asked Respondents to provide dates in late March.

On February 28, 2023, Respondents advised Petitioner that they had learned of a New York State action that Petitioner recently filed against Intervenor and others, which concerns events that caused Petitioner to be financially harmed during the time that Joseph Yacoub Safra was under the Respondents' care (the "New York Action"). Respondents informed Petitioner that they would not produce their doctors for more than one deposition and asked the parties to agree that a single deposition could use used in both the Swiss Proceedings and the New York Action.

Petitioner wrote to Intervenor on March 3, 2023 and advised that, to avoid the need for the doctors to appear for two depositions, Petitioner was prepared to agree that the upcoming Section 1782 depositions could be used in the New York Action, subject to a stipulation that the Section 1782 depositions can be reopened on a showing of good cause (e.g., later developed information creates a basis for new questions) and that the documents produced in the Section 1782 also be used in the New York Action.

After not hearing back from Intervenor, Petitioner wrote respondents and Intervenor to reiterate his willingness to allow the 1782 deposition to be used in the New York Action. Petitioner's email further stated that, [t]o avoid further unnecessary delay, we are asking all parties to agree on dates for these depositions between March 27 and April 7. If we do not have agreement on dates within that window by Monday [March 13] at noon, we will ask the Court for assistance in scheduling the depositions."

Intervenor responded on March 10, 2023, refusing to modify the Protective Order to allow Section 1782 depositions conducted in the near term to be used in the New York Action, noting, *inter alia,* that she was "not willing to agree to waive her right to take depositions of the doctors in the New York Action when discovery is at best many months away, and well before she possibly could know what testimony she will need in that action." Intervenor proposed two options: (1) the parties proceed with these depositions now, and use the testimony only as previously agreed to under the Protective Order; or (2) the parties table these depositions until discovery begins in the New York Action (or until the New York Action is dismissed).

Roughly 30 minutes after receiving Intervenor's email, Petitioner asked Respondents and Intervenor to provide their availability for a meet and confer on March 13. Within minutes, counsel for Respondents each emailed and said they needed to speak to their clients before providing their position. Petitioner immediately responded, questioning why Intervenor's refusal to agree that a near-term Section 1782 deposition would be usable in the New York Action necessitated extending the discussion process and reiterating that Respondents and Intervenor advise on their availability for a meet and confer on March 13. As of this morning, neither Respondents nor Intervenor had responded.

**Argument.** Petitioner is sympathetic to Respondents' desire to have their doctors sit for only one deposition, and, to facilitate that, he remains willing to agree that Section 1782 depositions conducted within the next several weeks can be used in the New York Action. Petitioner also sees the logic of Intervenor's position that, if the doctors are to be deposed only once, that deposition should not occur until discovery in the New York Action is underway or the case has been dismissed. Indeed, Petitioner recognizes that taking the doctors' Section 1782 depositions now and limiting his ability to secure further testimony from them in the New York Action may prejudice him in that action. Nonetheless, Petitioner cannot agree to delay the Section 1782 depositions. Defendants' motions to dismiss the New York Action are not due until late June and likely will not be decided this year. Assuming discovery proceeds while they are pending, depositions in the New York Action will likely not occur before late summer, at the very earliest. In the Swiss Proceedings, however, the judge has reached out to the parties seeking their feedback on availabilities for a conciliation hearing in April, 2023. If the parties do not reach a settlement at the conciliation hearing, Petitioner will then need to submit a fully-fledged statement of claim within three months, which is expected to include detailed evidence and legal theories Petitioner relies upon, including deposition transcripts. Prior to Petitioner's fully fledged statement of claim in the Swiss proceedings, deposition transcripts of Respondents' witnesses will need to be assessed by Petitioner's medical experts and considered in their opinions. Given this timeline, Petitioner needs the Section 1782 depositions of Respondents' witnesses to occur expeditiously in order to effectively submit his filings in the Swiss Proceedings. Petitioner is willing to consider any reasonable accommodations to minimize the burden imposed on the doctors. He cannot, however, wait to take the Section 1782 depositions until late summer or after, as that would prevent him from meaningfully using them in the proceedings for which they were sought.

\*  \*  \*

Petitioner respectfully requests a pre-motion conference concerning the above discovery issue. We thank Your Honor for your consideration of this request.

Respectfully submitted,

*/s/ Kevin S. Reed*

Kevin S. Reed

cc:  All counsel of record (via ECF)